840 F.2d 16
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elijah DAVIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH and HUMAN SERVICES, Defendant-Appellee.
 No. 87-3064.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Elijah Davis (Davis) appealed from a final order of the district court granting the Secretary's motion for summary judgment. Davis was denied social security disability and supplemental security income benefits.
 
 
 2
 Davis filed his application for benefits on March 16, 1982, alleging that he had become disabled by diabetes mellitus on February 20 of that year. After his application was denied upon initial review and reconsideration, Davis requested and received a de novo review of his claim by an administrative law judge (ALJ). A hearing was held on December 27, 1982, and the ALJ denied benefits in a written decision issued on January 27, 1983. Davis was subsequently denied review by the Appeals Council, and timely sought review by a federal district court pursuant to 42 U.S.C. Sec. 405(g). Upon a motion filed by the Secretary, the district court remanded the case for further proceedings because the Secretary was unable to locate a transcript of Davis' hearing before the ALJ.
 
 
 3
 A second hearing was convened on September 13, 1984, during which Davis submitted additional evidence of diabetes and evidence of allegedly disabling psoriasis. In a decision dated January 3, 1985, the ALJ concluded that Davis was disabled by the combined effect of diabetes and psoriasis. The Secretary timely appealed the ALJ's decision to the Appeals Council, which reversed and remanded the case so that additional medical evidence could be considered.
 
 
 4
 A third hearing was conducted by the ALJ on November 7, 1985, during which the ALJ received additional medical and vocational evidence. In an opinion issued on November 27, 1985, the ALJ again concluded that Davis was entitled to benefits. The Secretary again sought review by the Appeals Council, which reversed the ALJ's decision to award benefits for the reason that Davis possessed transferable skills and retained the capacity to perform sedentary work.
 
 
 5
 Davis subsequently appealed to the district court, and the matter was referred to a magistrate. In a Report and Recommendation filed on November 20, 1986, the magistrate recommended that the decision of the Appeals Council should be affirmed because it was both in accordance with the law and supported by substantial evidence. Davis promptly filed objections to the magistrate's decision, and the district court conducted de novo review. Finding that Davis' objections were without merit, the district court adopted the magistrate's recommendation and affirmed the decision to deny benefits. This timely appeal followed.
 
 
 6
 Upon consideration of the briefs and oral arguments of counsel, together with the record herein, the judgment of the district court is hereby AFFIRMED for the reason that it is both in accordance with the law and supported by substantial evidence.